1  James R. Canfield, CA Bar No. 32437
2  1150 North First Street, Suite 219
   San Jose, CA 95112
3  Mailing Address:
   P.O. Box 967
4  San Jose, CA 95108            E-filing
5  (408) 993-8472
   (408) 993-8475 (fax)
6
7  **Attorney for plaintiff**

8
9                    UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA     *MEJ*
10                      SAN FRANCISCO DIVISION

11  _____
12  **LAVJINDER SINGH,**          *CV* **08        1454**
13                 **Plaintiff,**        )
                                          )    **COMPLAINT FOR DECLARATORY**
14             **v.**                     )    **AND INJUNCTIVE RELIEF**
                                          )
15                                        )
    **EMILIO T. GONZALEZ, Director**      )
16  **U.S. Citizenship & Immigration**    )
    **Services**                          )    **Administrative Procedure Act Case**
17  **U.S. Department of Homeland Security** )  **Civil Rights Case**
    **Office of the Chief Counsel**       )
18  **20 Massachusetts Avenue, N.W.**     )
    **Room 4025**                         )
19  **Washington, DC 20536**             )    **Civ. No.**
                                          )
20                 **Defendant.**         )
    _____
21

22                        **INTRODUCTION**

23         1. This action is commenced to require the United States Citizenship and Immigration

24  Services ("USCIS") to approve Mr. Singh's Application for Employment Authorization, Form I-

25  765. This form must be approved while an Application for Adjustment of Status to Lawful

26  Permanent Resident, Form I-485, is pending. On November 13, 2007 when Mr. Singh's

27  Application for Employment Authorization was denied, his Application for Adjustment of Status

28  to Lawful Permanent Resident had not yet been fully adjudicated and was therefore still pending.

29  Specifically, Mr. Singh had not been allowed to plead his case before an Immigration Judge and

therefore the USCIS' decision regarding his application for Adjustment of Status to Lawful Permanent Resident was not final. Due to the lack of finality, which judicial review provides, the USCIS was statutorily compelled to approve Mr. Singh's Application for Employment Authorization until an Immigration Judge reviewed the USCIS' denial of Mr. Singh's application for Adjustment of Status.

2. This action is also brought to enjoin the USCIS from refusing to refer cases to the Immigration Courts in order to avoid judicial review of its arbitrary and capricious decisions, thereby leaving Mr. Singh and others similarly situated in legal limbo, without any applicable statute of limitations, until the USCIS decides, on it whims, to refer the case to the Immigration Courts for removal proceedings.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to the 28 U.S.C. § 1331 because it presents a federal question.

4. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(e). The plaintiff resides within the Northern District of California.

5. Pursuant to Civil L.R. 3-2(c) and (d), assignment is appropriate in the San Francisco division because plaintiff resides in this district and no real property is at issue in this action.

6. There is a present and actual controversy between the parties to this action. A declaration of the correct implementation of the legal requirements described in this complaint is necessary and appropriate to determine the respective rights and duties of the parties to this action.

7. Plaintiffs have no adequate remedy at law. Defendant has a clear, mandatory and ministerial legal duty to administer its immigration system in a manner consistent with applicable laws. Plaintiff will suffer from irreparable harm due to the failure of defendant to comply with applicable laws.

8. Plaintiff has exhausted any and all administrate process set forth by the USCIS. No administrative procedures exist that plaintiffs must exhaust.

**PRELIMINARY STATEMENT**

9. Plaintiff's application to adjust status has been denied because he was determined to be inadmissible. Therefore, he may not remain in the United States. Nevertheless, however, no affirmative steps are being taken to deport or remove Mr. Singh from the United States. Mr. Singh thus faces a Catch-22: He may either voluntarily depart and leave his wife, children, family, employment, way of live and adopted country of eighteen years all while foregoing his right to present his unusual circumstances to an Immigration Judge; or Mr. Singh may continue to illegally reside in the United States with the daily, continuous fear of being removed with no possibility for repose. This action seeks to eliminate this potentially infinite legal limbo so that Mr. Singh's immigration status may be determined once and for all. Mr. Singh asks the court to compel the USCIS to approve Mr. Singh's application for Employment Authorization until his matter is adjudicated by an Immigration Judge in removal proceedings.

10. Defendant USCIS has a practice of referring denials of Applications for Adjustment of Status to the Immigration Courts for further proceedings. To wit, the Immigration Courts determine the removability of the alien and order deportation if necessary.

11. In the San Francisco district, defendant USCIS illegally and unconstitutionally refrains from referring denials to the Immigration Courts. The USCIS does so in order to avoid review of its decision by the Immigration Courts, thereby eviscerating the checks and balances system envisioned by the forefathers and implemented by Congress in the INA.

12. Defendant USCIS' acts are contrary to the procedural safeguards guaranteed by the Due Process Clause of the United States Constitution and the statutory scheme of the INA.

13. The USCIS appeal mechanism is non-existent or purports to review de novo; however, this mechanism is inadequate. The lack of judicial oversight allows arbitrary and capricious decision to go unchallenged.

14. Plaintiff has no plain, speedy, or adequate remedy at law other than the relief requested in this complaint. Unless enjoined by this court, the USCIS will continue to engage in arbitrary and capricious decision-making with no oversight and contrary to law.

1

2

**PARTIES**

3        15.  PLAINTIFF Lavjinder Singh is a citizen of India who immigrated to the United

4   States, specifically California, in 1990.  He has continually resided here since and has faithfully

5   followed the laws of the United States and California since his arrival.

6        16.  DEFENDANT USCIS is a public entity organized and existing under the laws of the

7   United States.  Pursuant to the Constitution, defendant USCIS has a duty: 1) to follow the laws

8   of the United States; and 2) not to infringe upon the rights of individuals under the Fifth

9   Amendment of the United States Constitution.

10

11

**STATUTORY SCHEME**

12       17.  The Immigration and Naturalization Act (the "Act"), enacted under Congress's

13  plenary powers, decides the fate of millions of immigrants hoping to better their way of life in

14  these United States.

15       18.  Section 245A of the Act, 8 U.S.C. section 1255(a), allows for an adjustment of status

16  of nonimmigrant to that of person admitted for permanent residence.  This statute allows "[t]he

17  status of an alien who was inspected and admitted or paroled into the United States . . . may be

18  adjusted by the Attorney General, in his discretion and under such regulations as he may

19  prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an

20  application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is

21  admissible to the United States for permanent residence, and (3) an immigrant visa is

22  immediately available to him at the time his application is filed."  8 U.S.C. § 1255(a).

23       19.  If the petition is denied, "[n]o appeal lies from the denial of an application by the

24  director, but the applicant, if not an arriving alien, retains the right to renew his or her application

25  in proceedings under 8 CFR part 240."  8 CFR § 245.2(a)(5)(ii).

26       20.  Further, for "[a]ny alien who has filed a completed legalization application pursuant

27  to section 245A of the Act (and part 245a of this chapter)," an "Employment authorization shall

28  be granted in increments not exceeding 1 year during the period the application is pending

29

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 4
SINGH v. GONZALES

(including any period when an administrative appeal is pending) and shall expire on a specified date." 8 C.F.R. § 274a.12(c)(22). The Code of Federal Regulations specifies classes of aliens who must apply for employment authorization. "If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document. BCIS, in its discretion, may establish a specific validity period for an employment authorization document, which may include any period when an administrative appeal or judicial review of an application or petition is pending." 8 C.F.R. § 274a.12(c).

21. If, however, an alien is not considered admissible under Section 245A of the Act, Congress shifts jurisdiction to the Immigration Courts. Specifically, "[i]n the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." 8 C.F.R. § 1245.2(a)(1)(i). This explicitly removes jurisdiction from the USCIS because the "USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 CFR 1245.2(a)(1)." 8 C.F.R. § 245.2.

22. Any denials of an application for Employment Authorization may then be renewed in removal proceedings. 8 C.F.R. § 245.2(a)(1).

**STATEMENT OF FACTS**

23. In December 1990, Mr. Singh entered the United States.

24. On August 14, 1999, Mr. Singh married Mandip Kaur, a United States citizen.

25. Mr. and Mrs. Singh have two children together, both born within the United States and within wedlock.

26. On February 20, 2001 Mr. Singh filed an I-130 petition classifying him as the spouse of a United States citizen.

27. On September 19, 2001 Mr. Singh was interviewed regarding his application. At this time, he stated that he first entered the United States without inspection near San Diego in

December 1990. Immediately thereafter, Mr. Singh corrected his testimony to state that the entered the United States in San Francisco in December 1990. Specifically, he used a fraudulent passport and visitor visa but subsequently applied for legalization and was paroled unto the United States in July 1997.

28. This admission made Mr. Singh inadmissible under section 212(a)(6)(C)(i) of the Act, 8 U.S.C. section 1182(a)(6)(C)(i).[1]

29. On December 27, 2001 Mr. Singh filed a waiver of inadmissibility based upon the extreme hardship that would be levied upon Mr. Singh's citizen spouse if Mr. Singh were removed from the United States. A mere ten days later, on January 7, 2002, the USCIS denied Mr. Singh's application.

30. On February 7, 2002 Mr. Singh appealed the denial of the waiver to the Administrative Appeals Office, which dismissed the appeal on April 2, 2004.

31. On July 14, 2004 the USCIS denied Mr. Singh's Application for Employment Authorization, Form I-765, due to his ineligibility for the benefit.

32. On August 16, 2004 the USCIS denied Mr. Singh's Application for Status as a Lawful Permanent Resident, Form I-485, because the USCIS failed to issue Mr. Singh a waiver for his classification as inadmissible.

33. This denial of Mr. Singh's Form I-485 was not referred to the Immigration Courts for removal proceedings.

34. On August 2, 2007 Mr. Singh filed an Application for Employment Authorization, Form I-765.

35. On November 13, 2007, Mr. Singh's Application for Employment Authorization, Form I-765, was denied. The USCIS stated that since Mr. Singh's Application to Register Permanent Resident or Adjust Status, Form I-485, was denied on August 16, 2004 he did not have a pending application for adjustment of status and he was therefore ineligible for

---

[1] Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible.

employment authorization.

36. Till date, the USCIS has not referred Mr. Singh's file to the Immigration Court for further proceedings even though he was found inadmissible over three and a half years ago.

37. Mr. Singh's departure would force his citizen spouse to re-locate to India--the country to which Mr. Singh would be deported--because of their strict religious and community beliefs that bar both divorce and separate habitation of spouses.

38. Mr. Singh's spouse has no family ties outside the United States. Her husband, father, mother and all siblings reside in the United States. Specifically, Mr. Singh's spouse has no connections or ties with India. Indeed, she has never even been to India.

39. Mr. Singh's departure will result in a catastrophic financial impact upon his spouse if she were to stay in the United States. She has not been employed since July 2002 and she and her two young children wholly depend upon Mr. Singh for financial support.

40. Mr. Singh's spouse was certified as a medical office specialist in 1999, after having attended school for eight years in order to complete the two-year program. She has not, however, ever worked as a medical office specialist and the skills she acquired during her schooling have atrophied and become outdated over the past nine years.

41. Mr. Singh's spouse suffers from multiple health conditions. Specifically, she suffers from significant hearing loss in both ears and frequent breaks her bones. Due to her hearing loss, it is virtually impossible for her to work as a medical office specialist, the only job for which she has training. This virtually guarantees that she will become a ward of the state upon Mr. Singh's departure.

42.    Mr. Singh's spouse has to take off her hearing aid at night time. This requires the presence of Mr. Singh by her side through out the night time to avoid any emergency or accidents

43. Mr. and Mrs. Singh have no financial safety net in India and would be entering Indian society at the bottom-most economic rung. Therefore, without money or a job, it will be impossible for Mr. Singh's spouse and her two American-born children to attain suitable medical care since India has no form of health insurance and all health related treatments must be paid for

1 | upfront and in full.

### PLAINTIFF's FIRST CLAIM FOR RELIEF

#### (Violations of the Administrative Procedures Act)

44. Plaintiff incorporates by reference all foregoing paragraphs as if set forth fully herein.

45. The APA allows for the appeal of final agency decisions that are not discretionary. 5 U.S.C. §§ 704, 701(a)(2).

46. According to the USCIS, the denial of Mr. Singh's application for Employment Authorization is final and non-appealable. However, an Application to Adjust Status is non-final, and therefore pending, until it has been reviewed by an Immigration Judge in removal proceedings.

47. The USCIS does not have discretion when determining the fate of an application for Employment Authorization submitted when an Application to Adjust Status is pending. 8 C.F.R. § 274a.12(c)(22).

48. By denying Mr. Singh's Employment Authorization application while his Application to Adjust Status was pending, defendant USCIS violated the INA, abused its discretion, and acted arbitrarily and capriciously and not in accordance with the law, in violation of the APA. 5 U.S.C. § 706.

### PLAINTIFF's SECOND CLAIM FOR RELIEF

#### (Violations of the Fifth Amendment)

49. Plaintiff incorporates by reference all foregoing paragraphs as if set forth fully herein.

50. The Fifth Amendment of the United States Constitution provides that the Federal Government shall not deprive any person "of life, liberty, or property, without due process of law." The selective treatment of Mr. Singh, whereby the USCIS refuses to place him in removal proceedings in order to avoid judicial review, amounts to the deprivation of life, liberty, and

1   property without due process of law.

2       51. The USCIS appeals mechanism, where applicable, purports to provide de novo

3   review of USCIS decisions, however, the mechanism does not do so adequately, thereby

4   allowing for its arbitrary and capricious decisions to stand.

5

6                              **REQUEST FOR RELIEF**

7

8       WHEREFORE, plaintiffs respectfully request that this court grant the following relief:

9   1.   Declaring unlawful and setting aside the USCIS decision dated November 13, 2007

10       that denies Mr. Singh's Application for Employment Authorization, Form I-765,

11       because he purportedly does not have a pending Application to Adjust Status.

12  2.   Ordering the USCIS to grant Mr. Singh's Application for Employment

13       Authorization, Form I-765, until Mr. Singh's Application to Adjust Status is

14       reviewed by an Immigration Judge in removal proceedings.

15  3.   Declaring the USCIS' practice of refusing to refer cases to the Immigration Courts

16       in order to avoid judicial review of its decisions to be arbitrary and capricious, and

17       not in accordance with the INA, the APA and the Fifth Amendment of the United

18       States Constitution.

19  4.   Awarding plaintiff reasonable attorney's fees for this action under the Equal Access

20       to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 et seq.

21  5.   Granting plaintiff such other and further relief as may be just and proper.

22

23  DATED:    March 5, 2008

24                          Respectfully submitted,

25

26

27  By, _____
                 JAMES CANFIELD

28
                 Attorney for Plaintiff

29

            COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 9
                            SINGH v. GONZALES

JS 44 - CAND (Rev. 11/04)  Case 3:08-cv-01454-MEJ   Document 1-2   Filed 03/14/2008   Page 1 of 1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

E-filing

SINGH, LAVJINDER

## DEFENDANTS

U.S. DEPARTMENT OF HOMELAND SECURITY, DIRECTOR, EMILIO T. GONZALEZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

ALAMEDA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James Canfield, Attorney-At-Law
1150 N 1st Street, # 219, San Jose, CA 95112, Ph: 408-993-8472

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding   ☐ Removed from State Court   ☐ Remanded from Appellate Court   ☐ Reinstated or Reopened   ☐ Transferred from Another district (specify)   ☐ Multidistrict Litigation   ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholders Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability<br>☐196 Franchise | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault Libel & Slander<br>☐330 Federal Employers Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury Med Malpractice<br>☐365 Personal Injury Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food & Drug<br>☐625 Drug Related Seizure of Property 21 USC 881<br>☐630 Liquor Laws<br>☐640 RR & Truck<br>☐650 Airline Regs<br>☐660 Occupational Safety/Health<br>☐690 Other<br>**LABOR**<br>☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt Relations<br>☐730 Labor/Mgmt Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl.Ret. Inc. Security Act | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark<br><br>**SOCIAL SECURITY**<br>☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐870 Taxes (US Plaintiff or Defendant<br>☐871 IRS - Third Party 26 USC 7609 | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐460 Deportation<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐480 Consumer Credit<br>☐490 Cable/Satellite TV<br>☐810 Selective Service<br>☐850 Securities/Commodities/ Exchange<br>☐875 Customer Challenge 12 USC 3410<br>☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice<br>☐950 Constitutionality of State Statutes<br>☐890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | ☐441 Voting<br>☐442 Employment<br>☐443 Housing<br>☐444 Welfare<br>☑440 Other Civil Rights<br>☐445 Amer w/ disab - Empl<br>☐446 Amer w/ disab - Other | ☐510 Motion to Vacate Sentence Habeas Corpus:<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights<br>☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

For Declaratory and Injunctive relief by this Court under Administrative Procedure Act

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ YES ☑ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)    ☑ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE 3/10/2008

SIGNATURE OF ATTORNEY OF RECORD

Court Name: U.S. District Court, NDCA
    ision: 3
    eipt Number: 34611016991
Cashier ID: bucklem
Transaction Date: 03/14/2008
Payer Name: law offices of mahesh bajori
a
-----------------------------------
CIVIL FILING FEE
 For: lavjinder singh
 Case/Party: D-CAN-3-08-CV-001454-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1310
 Amt Tendered: $350.00
-----------------------------------
Total Due:        $350.00
Total Tendered: $350.00
Change Amt:      $0.00

mej


  ecks and drafts are accepted
    ject to collections and full
    .dit will only be given when the
 check or draft has been accepted by
 the financial institution on which
 it  was drawn.